IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD HARRISON,

      **Plaintiff,**

   vs.

ZACH SCOTT, *et al.*,

      **Defendants.**

Case No. 2:18-cv-1023
Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## ORDER

    This matter is before the Court for consideration of Defendants Deborah McGlone and Effie Laub's Motion to File Under Seal, ECF No. 57, and Motion on Behalf of Defendants Zach Scott, Mendel Reid, Mohamed Hashi Abib and Won Song to Withdraw Previous Filing and Motion to File Deposition and Exhibit Under Seal, ECF No. 60.  Defendants McGlone and Laub seek leave to file under seal six (6) exhibits to their Motion for Summary Judgment, which contain Plaintiff's confidential medical records.  (ECF No. 57.)  Defendants Scott, Reid, Abib, and Song seek to withdraw the previously-filed deposition and exhibit of Defendant Abib, ECF No. 51, and they seek leave to file such documents under seal in support of their Motion for Summary Judgment, as they also contain Plaintiff's confidential medical records.  (ECF No. 60.)

    It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978).  A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition."  *In re Knoxville News-*

*Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305).

Here, although they have not argued it, the moving Defendants seek to file various summary judgment exhibits under seal to protect Plaintiff's confidential and sensitive personal medical information. (*See* ECF Nos. 57, 60.) Sealing such records is in accordance with the

strong public policy of HIPAA and Ohio Revised Code Section 2317.02(B) of protecting patient information.  This Court finds Defendants have set forth compelling reasons to file their various summary judgment exhibits containing Plaintiff's confidential and sensitive medical records under seal, consistent with the Agreed Protective Order entered in this case, ECF No. 17.

Accordingly, for good cause shown, Defendants Deborah McGlone and Effie Laub's Motion to File Under Seal, ECF No. 57, and the Motion on Behalf of Defendants Zach Scott, Mendel Reid, Mohamed Hashi Abib and Won Song to Withdraw Previous Filing and Motion to File Deposition and Exhibit Under Seal, ECF No. 60, are both **GRANTED**.  Defendants Deborah McGlone and Effie Laub are hereby **GRANTED LEAVE TO FILE UNDER SEAL** certain medical records of Plaintiff as exhibits to their Motion for Summary Judgment. However, as to Defendants Zach Scott, Mendel Reid, Mohamed Hashi Abib and Won Song's request, the Court **DIRECTS** the Clerk to **SEAL** ECF No. 51, rather than to strike it for purposes of refiling it under seal.

**IT IS SO ORDERED.**

Date: June 15, 2021     /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE